IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00241-PAB-KLM

AMERICAN PRODUCE, LLC, a limited liability company,

    Plaintiff,

v.

HARVEST SHARING, INC., d/b/a FOOD SHARING AMERICA, a Colorado corporation,
WILLIAM R. MCKNIGHT, an individual,
DIANE K. MCKNIGHT, an individual,

    Defendants.

---

## ORDER

---

This matter is before the Court on the Notice of Bankruptcy Filing [Docket No. 7] advising the Court that defendant Harvest Sharing, Inc., d/b/a Food Sharing America ("Harvest Sharing"), has filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code. In light of the bankruptcy proceeding, sections 361 and 362 of the United States Bankruptcy Code apply with respect to defendant and its property. Section 362(a) of the Bankruptcy Code provides:

> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of-
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a).

Moreover, it may also be appropriate to stay this action as to individual defendants William R. McKnight and Diane K. McKnight.  Plaintiff alleges that these individual defendants are "officers, directors and/or shareholders" of Harvest Sharing. Docket No. 1 at 2.  Plaintiff's claims do not contain any specific allegations regarding the individual defendants and all of its claims appear to be based on defendant Harvest Sharing's business activities.  The purpose of an automatic stay is to preserve creditors' interests by protecting the debtor's assets and ensuring that they are distributed in an orderly fashion.  *See In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009).  Here, it would appear that in order to protect Harvest Sharing's assets the Court should stay this case against the individual defendants given that a judgment against them would, in effect, constitute a judgment against Harvest Sharing.

Accordingly, it is

**ORDERED** that all proceedings against defendant Harvest Sharing, Inc., d/b/a Food Sharing America are **STAYED** unless and until plaintiff obtains relief from stay in Case No. 11-11024 before the United States Bankruptcy Court for the District of Colorado or the bankruptcy case is dismissed without discharge of plaintiff's claims against defendant.  It is further

**ORDERED** that on or before March 10, 2011 plaintiff shall show cause why this case should not also be stayed as to defendants William R. McKnight and Diane K. McKnight and this case administratively closed pursuant to D.C.COLO.LCivR 41.2, with leave to be reopened for good cause shown.

DATED February 24, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge